UNITED STATES.

v.

**Airman First Class Albert B. DUNN, FR 340–56–2858, United States Air Force.**

**ACM 26506.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 25 Sept. 1987.

Decided 7 Oct. 1988.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Captain Laurence M. Soybel.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni, Major Carole W. Hanson and Captain Robert L. Marconi, USAFR.

Before FORAY, MICHALSKI and MURDOCK, Appellate Military Judges.

## DECISION

MURDOCK, Judge:

A general court-martial with members found the appellant guilty of a number of theft offenses and of making false official statements. The appellant's illegal scheme was to shoplift electronic components from the base exchange and then return them for a cash refund. The shoplifting was charged as wrongful appropriation and taking the refunds when he returned the items was charged as larceny.

The specification of Additional Charge II alleged that he stole "money, in the amount of about $2,000.00, the property of the Army–Air Force Exchange Ser-

vice". The appellant now asserts that his plea of guilty to the specification was improvident to $424.05 of the total. We agree in part. Of the total alleged by the specification, $1575.95 represented the value of the refunds he received. The amount alleged by the specification also included dollar amounts from two other sources. The video cassette recorder he saw a friend steal was valued at $319.00, and $105.05 represents the administrative costs incurred by the exchange as a result of the thefts. It was error to include the administrative costs as part of the theft.

Larceny is a crime with simple, well known elements. These elements are listed in the Manual as follows:

(1) Larceny.

(a) That the accused wrongfully took, obtained, or withheld certain property from the possession of the owner or of any other person;

(b) That the property belonged to a certain person;

(c) That the property was of a certain value, or of some value; and

(d) That the taking, obtaining, or withholding by the accused was with the intent permanently to deprive or defraud another person of the use and benefit of the property or permanently to appropriate the property for the use of the accused or for any person other than the owner.

*[Note: If the property is alleged to be military property, as defined in paragraph 32c(1), add the following element]

(e) That the property was military property.

MCM, Part IV, paragraph 46b(1)(1984).

The administrative costs in this case were not "taken, obtained, or withheld" from the possession of the owner. In fact, they were created as an interest of the owner when the thefts were committed. No administrative costs such as the ones charged in this case exist until a criminal act occurs. Once the act has taken place, the costs exist, but they remain with the owner as an expense and potential for recovery. Hence, they cannot be stolen because they are an inherent intangible interest of the owner of the property. *See Perkins on Criminal Law*, 2d ed. 237 (1969) (discussion of larceny of intangibles).

Criminal law punishes criminal acts. Unless changed by statute, the costs associated with crime are not themselves part of the crime. Accordingly, we cannot affirm that part of the findings of guilty of the Specification of Additional Charge II which represents the administrative costs. We affirm only so much of that specification as finds the appellant guilty of stealing $1,899.95. The appellant was not prejudiced by this relatively small variance in amounts. Therefore, we will leave the sentence unchanged.

The appellant also asserts that his plea to Additional Charge II was improvident as it relates to the $319.00 value of the equipment he watched his friend steal. We disagree. The record reveals that while they were at the base exchange his friend said he could show him how to get some extra money. The friend then went to the stereo department, picked up a video casette recorder, and walked out of the store with it.

Mere presence at a crime scene does not make one an aider and abetter. MCM, Part IV, paragraph 1b(3)(b)(1984). However, when the other person knowingly encourages the criminal by his presence and shares in the criminal purpose of the activity, the other person becomes criminally involved. MCM, Part IV, paragraph 1b(2)(b)(i)(1984). *United States v. Burroughs*, 12 M.J. 380, 386 (C.M.A.1982), quoting *United States v. Barber*, 429 F.2d 1394, 1397 (3rd Cir.1970).

The appellant did not just happen on his friend as he was committing a crime. To the contrary, he was the reason the friend was stealing the equipment when he was. This criminal activity was part of the appellant's training and both the appellant and his friend knew it. The trial court apparently believed the appellant was more than a mere spectator. We see no reason to overturn that judgment.

The appellant also invites our attention to four issues identified by the trial de-

fense counsel in his response to the *Goode* review and the appellant's clemency petition. We find no merit in any of these invited issues. The findings of guilty, as modified, and the sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

Senior Judge FORAY and Judge MICHALSKI concur.